IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JULIA JOHNSON,<br>　　Plaintiff,<br><br>vs.<br><br>DENNY'S, INC., DFO, LLC, and<br>MAIN STREET S, INC.,<br>　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:20-cv-04052<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Julia Johnson ("Plaintiff" or "Johnson") now files this Complaint against Defendants Denny's, Inc., DFO, LLC, and Main Street S, Inc. (collectively "Defendants" or "Denny's"). In support, Plaintiff states as follows:

### PARTIES

1. Plaintiff Julia Johnson is a citizen of the United States and a resident of Houston, Texas.

2. Defendant Denny's, Inc. is a corporation authorized to transact business in the state of Texas. It may be served with process through its registered agent for service of process, C T Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201 or as may otherwise be permitted under Rule 4 of the Federal Rules of Civil Procedure and/or the Texas long-arm statute.

3. Defendant DFO, LLC is an entity authorized to transact business in the state of Texas. It may be served with process through its registered agent for service of process, C T Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201 or as may otherwise be permitted under Rule 4 of the Federal Rules of Civil Procedure and/or the Texas long-arm statute.

4. Defendant Main Street S, Inc. is a corporation authorized to transact business in the state of Texas. It may be served with process through its registered agent for service of process,

Abdul Madani, 15606 Oyster Cove Drive, Sugar Land, Texas 77478 or as may otherwise be permitted under Rule 4 of the Federal Rules of Civil Procedure and/or the Texas long-arm statute.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction over the claims described in this Complaint pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law.

6.  The Court has subject matter jurisdiction over Plaintiff's claims under the Texas Commission on Human Rights Act pursuant to 28 U.S.C. § 1367.

7.  This Court has personal jurisdiction over Defendants because they have continuously and systematically performed a substantial amount of business within the state of Texas and, moreover, are being sued herein for illegal conduct against the Plaintiff that occurred within the state of Texas. Accordingly, this Court has both general and specific jurisdiction over the Defendants.

8.  Venue is proper in the United States District Court for the Southern District of Texas pursuant to 42 U.S.C. § 2000e-5(f)(3) because all or part of the unlawful employment practices committed by the Defendants occurred in this district.

## FACTS

9.  Plaintiff worked as a server at Denny's restaurant located at 3332 South Loop West, Houston, Texas 77025 (Store #7666).

10. Plaintiff began working for Defendants on or about June 11, 2019.

11. Plaintiff is a black female.

12. Shortly after Plaintiff began working at Defendants, she began suffering from sexual harassment and race discrimination from the restaurant's General Manager, whose first name was Sam.

13. Sam is a Middle Eastern male.

14. On or around June 15, 2019, Sam, the General Manager, rubbed his hand on his genitals and then forcefully stuck that hand in Plaintiff's face asking her how it smelled. This egregious act of sexual harassment was unwelcomed by Plaintiff, and she immediately told Sam how inappropriate his behavior was and how it made her uncomfortable.

15. On or around June 27, 2019, twelve days after Sam stuck his hand in Plaintiff's face after touching his genitals, Sam approached Plaintiff again and asked her to touch his lower buttock area (close to his genitals) with the excuse that he wanted her to check if he had "sat in something sticky."

16. Plaintiff again refused Sam's unwelcomed, sexually charged advances and refused to touch Sam. Plaintiff expressed again how Sam's behavior was inappropriate and disrespectful to her and her fiancé.

17. Later that same day around 2:30PM, Sam told Plaintiff to meet with him in a booth at the front of the restaurant and told her that he was on her "bad apple list" because she did not understand how he worked as a manager (since she had refused to touch his lower buttocks close to his genitals). After this, Plaintiff immediately made an inquiry to the Equal Employment Opportunity Commission ("EEOC") over Sam's behavior.

18. On or about June 29, 2019 around 12:40PM, Plaintiff called a meeting with Sam where she expressed how his sexual slurs towards her and his asking her to touch him was inappropriate and making her uncomfortable, and Sam admitted to his behavior but told Plaintiff she could never prove it. Sam also admitted that he had been labeled by upper management as "the Troubled Child" of the restaurant because of his "dirty mouth" and that employees had filed sexual harassment complaints against him before, but nothing ever happened to him.

3

19. On or about June 30, 2019, Plaintiff had an altercation with two employees over a coffee pot, and when Plaintiff approached Sam about this, he did nothing. Instead, Sam told Plaintiff that she should be a lot tougher because "her skin was so black she was blue."

20. This severe racial comment from Sam and his sexual harassment leading up to it prompted Plaintiff to report Sam's conduct to upper management.

21. On or about July 4, 2019 around 5:47AM, Plaintiff sent a text message (with audio recordings) to Imtiaz Ahmed, Director of Operations to report Sam's harassment of her and inform Defendants that she had complained to the EEOC.

22. On or about July 4, 2019 around 12:49PM, Sam called Plaintiff into a meeting where he informed her that he was aware that she had reported him for harassment. In this conversation, Sam warned her that he was friends with Imtiaz Ahmed and a man named Adam, both who were in upper management, but Adam did tell Sam to "watch his back."

23. On or about July 4, 2019 around 1:20PM, another manager named Giovani called Plaintiff into a meeting, and Plaintiff gave him a verbal statement of Sam's harassment.

24. On or around July 5, 2019, Imtiaz Ahmed called Plaintiff into a meeting where he asked Plaintiff to repeat her complaint of Sam's harassment. Plaintiff explained that she would not talk about it further because she had gone to the EEOC and was aware that he was friends with Sam and Adam. In response, Ahmed called Plaintiff a liar and that she did not need to work at the restaurant anymore. Plaintiff asked if Ahmed was firing her, and he responded, "not yet." However, Ahmed ended her shift early and sent her home.

25. Plaintiff's last day at Defendants was August 8, 2019. That day, Giovanni let Plaintiff's co-workers throw food at her, and when she told him that she could not work in such a hostile work environment and that she had already gone to the EEOC, Giovanni told her to leave.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

26. On or about September 25, 2019, Plaintiff timely filed a charge of discrimination with the EEOC and the Texas Workforce Commission Civil Rights Division.

27. The EEOC issued Plaintiff a right to sue letter on or about August 31, 2020.

28. This lawsuit has been filed within 90 days of the EEOC's issuance of that Notice. Consequently, this lawsuit has been filed within 90 days of Plaintiff's receipt of that Notice.

29. The Texas Workforce Commission has never issued Plaintiff a right to sue letter, but his charge has been on file for more than 180 days as of the date of this lawsuit's filing.

30. Based on the foregoing, Plaintiff has exhausted all administrative remedies required by Title VII of the Civil Rights Act of 1964 ("Title VII"), and/or the Texas Commission on Human Rights Act ("TCHRA").

**FIRST CAUSE OF ACTION (SEX DISCRIMINATION)**

31. Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

32. Plaintiff is a member of a protected class under Title VII and the Texas Commission on Human Rights Act because she is female.

33. Sam's conduct was unwelcomed by Plaintiff.

34. Sam's conduct was so severe and/or pervasive that it altered conditions of Plaintiff's employment.

35. Sam's conduct was subjectively offensive to Plaintiff.

36. The act of a male employee sticking his hand in a female's face demanding her to smell it after that male touched his genitals and the act of asking a female to touch his lower buttocks towards his genitals would be offensive to a reasonable person.

37. Such conduct violates Title VII and the TCHRA.

38. Plaintiff has been damaged by the discrimination against her.

39. Defendants acted with malice and/or reckless disregard for Plaintiff's statutorily-protected rights. An award of exemplary damages is therefore warranted.

### **SECOND CAUSE OF ACTION (RETALIATION)**

40. Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

41. Plaintiff engaged in a protected activity by opposing unlawful employment practices when she submitted an inquiry at the EEOC in or around June 2019.

42. Plaintiff also engaged in a protected activity by complaining of discrimination to Sam, Giovani, and Imtiaz Ahmed in opposition to Defendants' unlawful employment practices.

43. Plaintiff suffered a materially adverse action when Imtiaz Ahmed called Plaintiff a liar and sent her home after she reported Sam's sexual harassment and racial remark that "she was so black she was blue."

44. Plaintiff also suffered a materially adverse action when she was terminated by Giovanni after he allowed employees to throw food at Plaintiff.

45. Defendants took materially adverse actions against Plaintiff because of her protected activities.

46. Such conduct violates Title VII and TCHRA.

47. Defendants' retaliation against Plaintiff after she reported racial discrimination also violates Plaintiff's rights pursuant to 42 U.S.C. § 1981.

48. Defendants' violations of Title VII, TCHRA, and 42 U.S.C. § 1981 have caused Plaintiff damage.

49. Defendants acted with malice and/or reckless disregard for Plaintiff's statutorily-protected rights. An award of exemplary damages is therefore warranted.

### ATTORNEYS' FEES

1. If Plaintiff prevails, she is entitled to an award of reasonable and necessary attorneys' fees.

### JURY DEMAND

2. Plaintiff hereby demands a trial by jury on all claims that may be tried to a jury.

### PRAYER FOR RELIEF

Plaintiff hereby prays that Defendants be cited to appear and that, upon trial, the Court enter a judgment in his favor for the following:

a) Back pay;
b) Compensatory damages;
c) Punitive damages;
d) Reinstatement and/or front pay;
e) Taxable court costs;
f) Exemplary damages;
g) Attorney's fees; and
h) Such other and further relief to which she may show herself entitled.

Respectfully submitted,

THROCKMORTON LAW FIRM PLLC

By: /s/Connor Throckmorton
Connor Throckmorton
S.D. Tex. #3065092
TX Bar #24103965
5850 San Felipe Street, Suite 500
Houston, Texas 77057
Telephone:   (713) 400-6173
Facsimile:   (713) 583-8380
Email:       connor@throckmortonlaw.com

***ATTORNEY FOR PLAINTIFF***