**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **JULIA JOHNSON,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.: 4:20-cv-04052** |
| | § | |
| **DENNY'S INC., DFO, LLC, and** | § | **JURY DEMANDED** |
| **MAIN STREET S, INC.** | § | |
| | § | |
| *Defendants*. | | |

---

**DEFENDANTS' ORIGINAL ANSWER AND DEFENSES TO
PLAINTIFF'S ORIGINAL COMPLAINT**

---

Defendants Denny's, Inc., DFO, LLC, and Main Street S, Inc. (collectively "Defendants") file this Original Answer and Defenses (collectively "Answer") to the Original Complaint filed by Julia Johnson ("Plaintiff"). In support thereof, Defendants respectfully show the Court as follows:

## I.       DEFENSES AND AFFIRMATIVE DEFENSES

Defendants give notice that they intend to rely on such other defenses and affirmative defenses as may become available or apparent during the course of discovery in this case. Defendants reserve the right to amend this Answer; to add additional affirmative or other defenses; to delete or withdraw affirmative or other defenses; and to add such counterclaims as may become necessary after a reasonable opportunity for discovery.

Defendants deny all allegations in the Complaint except those expressly admitted below.

1.01     Defendants assert that the Original Complaint should be dismissed in whole or in part under Rule 12(b)(6) for failing to state a factually or legally cognizable claim upon which

1

relief can be granted.

1.02    Defendants assert that Plaintiff's claims are barred in whole or in part, by the failure to exhaust administrative prerequisites to filing suit.

1.03    Pending discovery, Plaintiff's claims and alleged damages, if any, are barred by the doctrine of estoppel, waiver, and/or unclean hands.

1.04    Any alleged damages suffered by Plaintiff were caused and/or were solely caused by her own conduct and/or by third parties.

1.05    Plaintiff was at all times pertinent to her lawsuit employed at will.

1.06    Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendants, Plaintiff has failed to mitigate her claimed damages, the entitlement to which is expressly denied.  To the extent Plaintiff has mitigated her damages, Defendants are entitled to offset those amounts she earned.

1.07    All employment decisions regarding or affecting Plaintiff were based upon legitimate, nondiscriminatory, and reasonable business reasons that were in no way related to Plaintiff's sex or race or in retaliation for having exercised a right under the law.  All of Defendants' actions regarding Plaintiff were taken in good faith.  Moreover, Defendants would have taken the same actions at the same time in the absence of any alleged impermissible factor.

1.08    If any improper, illegal or discriminatory act was taken by any of Defendants' employees against Plaintiff, it was contrary to Defendants' policies, and was not ratified, confirmed or approved by Defendants.  Thus, any such actions can not be attributed or imputed to Defendants.

1.09    Defendants took prompt and effective remedial action to address any complaints made by Plaintiff.

1.10    Plaintiff's lawsuit is frivolous, without foundation, vexatious and/or brought in bad faith.

1.11    Defendants did not commit any act with malice or reckless indifference to Plaintiff's legally protected rights.

1.12    Defendants specifically reserve the right to assert additional defenses, claims, counterclaims, cross-claims and/or causes of action that may become appropriate based on upon investigation or other discovery that may occur during the course of litigation.

## II.    ADMISSIONS & DENIALS

Defendants specifically respond to the Plaintiff's allegations as follows:

2.01    Defendants lack sufficient information or knowledge to admit or deny that Plaintiff resides in Houston, Texas, and on that basis, deny the allegations in Paragraph 1 of the Complaint.

2.02    Defendants admit the factual allegations contained in Paragraph 2 of the Complaint.

2.03    Defendants admit the factual allegations contained in Paragraph 3 of the Complaint.

2.04    Defendants admit the factual allegations contained in Paragraph 4 of the Complaint.

2.05    The allegations contained in Paragraph 5 of the Complaint are jurisdictional and do not require a response.  However, Defendants deny that they have violated any law.

2.06    The allegations contained in Paragraph 6 of the Complaint are jurisdictional and do not require a response.  However, Defendants deny that they have violated any law.

2.07    The allegations contained in Paragraph 7 are jurisdictional and do not require a response.  However, Defendants deny that they performed any illegal conduct.

2.08    Defendants admit that venue is proper in the Southern District of Texas.  However, Defendants deny that they committed any unlawful employment practices.

2.09    Defendants admit the factual allegations contained in Paragraph 9 of the Complaint.

2.10    Defendants admit the factual allegations contained in Paragraph 10 of the Complaint.

2.11    Defendants admit the factual allegations contained in Paragraph 11 of the Complaint.

2.12    Defendants deny the factual allegations contained in Paragraph 12 of the Complaint.

2.13    Defendants admit the factual allegations contained in Paragraph 13 of the Complaint.

2.14    Defendants deny the factual allegations contained in Paragraph 14 of the Complaint.

2.15    Defendants deny the factual allegations contained in Paragraph 15 of the Complaint.

2.16    Defendants deny the factual allegations contained in Paragraph 16 of the Complaint.

2.17    Defendants lack sufficient information or knowledge to admit or deny the factual allegation that Plaintiff made and when she made an inquiry to the Equal Employment Opportunity Commission, and on that basis, deny said allegation of the Complaint. Defendants deny the remaining factual allegations contained in Paragraph 17 of the Complaint.

2.18    Defendants admit that Sam stated he was the "troubled child" of the restaurant. Defendants deny the remaining factual allegations contained in Paragraph 18 of the Complaint.

2.19    Defendants lack sufficient information or knowledge to admit or deny the factual allegation of Paragraph 19 that Plaintiff had an altercation with two employees over a coffee pot, and on that basis, deny said allegation of the Complaint. Defendants deny the remaining factual

allegations contained in Paragraph 19 of the Complaint.

2.20    Defendants deny the factual allegations contained in Paragraph 20 of the Complaint.

2.21    Defendants admit that a text message with an audio recording was sent from Plaintiff to Imtiaz Ahmed on July 4, 2019.  Defendants deny the remaining factual allegations contained in Paragraph 21 of the Complaint.

2.22    Defendants deny the factual allegations contained in Paragraph 22 of the Complaint.

2.23    Defendants deny the factual allegations contained in Paragraph 23 of the Complaint.

2.24    Defendants deny the factual allegations contained in Paragraph 24 of the Complaint.

2.25    Defendants deny the factual allegations contained in Paragraph 25 of the Complaint.

2.26    Defendants lack sufficient information or knowledge to admit or deny the factual allegations contained in Paragraph 26, and on that basis, deny said allegations of the Complaint.

2.27    Defendants lack sufficient information or knowledge to admit or deny the factual allegations contained in Paragraph 27, and on that basis, deny said allegations of the Complaint.

2.28    Defendants lack sufficient information or knowledge to admit or deny the factual allegations contained in Paragraph 28, and on that basis deny said allegations of the Complaint.

2.29    Defendants lack sufficient information or knowledge to admit or deny the factual allegations contained in Paragraph 29, and on that basis, deny said allegations of the Complaint.

2.30    The allegations in Paragraph 30 call for a legal conclusion and require no response.

To the extent a response is required, Defendants deny the allegations and leaves Plaintiff to her proofs thereto.

2.31    Paragraph 31 of the Complaint contains no specific factual allegations to which Defendants must respond.  To the extent that a further response may be required, Defendants incorporate and reinstate its responses to Paragraph 1-30 of the Complaint.

2.32    The allegations in Paragraph 32 call for a legal conclusion and require no response. To the extent a response is required, Defendants deny the allegations and leave Plaintiff to her proofs thereto.

2.33    Defendants deny the factual allegations contained in Paragraph 33 of the Complaint.

2.34    Defendants deny the factual allegations contained in Paragraph 34 of the Complaint.

2.35    Defendants deny the factual allegations contained in Paragraph 35 of the Complaint.

2.36    The allegations in Paragraph 36 call for a legal conclusion and require no response. To the extend a response is required, Defendants deny the allegations in said Paragraph.

2.37    The allegations in Paragraph 37 call for a legal conclusion and require no response. To the extend a response is required, Defendant denies the allegations and leaves Plaintiff to her proofs thereto.

2.38    Defendants deny the factual allegations contained in Paragraph 38 of the Complaint.

2.39    Defendants deny the factual allegations contained in Paragraph 39 of the Complaint.

2.40    Paragraph 40 of the Complaint contains no specific factual allegations to which Defendants must respond.   To the extent that a further response may be required, Defendants incorporates and reinstates its responses to Paragraphs 1-39 of the Complaint.

2.41    The allegations in Paragraph 41 call for a legal conclusion and require no response. To the extent a response is required, Defendants deny the allegations in said Paragraph.

2.42    Defendants deny the factual allegations contained in Paragraph 42 of the Complaint.

2.43    Defendants deny the factual allegations contained in Paragraph 43 of the Complaint.

2.44    Defendants deny the factual allegations contained in Paragraph 44 of the Complaint.

2.45    Defendants deny the factual allegations contained in Paragraph 45 of the Complaint.

2.46    The allegations in Paragraph 46 call for a legal conclusion and require no response. To the extent a response is required, Defendants deny the allegations in said Paragraph.

2.47    The allegations in Paragraph 47 call for a legal conclusion and require no response. To the extent a response is required, Defendants deny the allegations in said Paragraph.

2.48    Defendants deny the factual allegations contained in Paragraph 48 of the Complaint.

2.49    Defendants deny the factual allegations contained in Paragraph 49 of the Complaint.

2.50    Defendants deny the allegations in Paragraph 1, under section "Attorneys' Fees" and deny that Plaintiff is entitled to any of the relief requested or to any relief whatsoever.

2.51    No response to Paragraph 2, under the section of "Jury Demand" is required.  To the extent a response is required, Defendants deny the allegations and leaves Plaintiff to her proofs thereto.

2.52    Defendants deny the allegations in the paragraph under the section "Prayer for Relief" and denies that Plaintiff is entitled to any of the relief requested in her Prayer, or to any relief whatsoever.

> Respectfully Submitted,
> TB Robinson Law Group, PLLC
>
> Terrence B. Robinson
> Fed. Bar No. 14218
> Texas Bar No. 17112900
> Email: TRobinson@TBRobinsonlaw.com
> Mina M. Banerjee
> Texas SBN.: 24070195
> Fed. Bar No. 1055703
> Email: Mbanerjee@TBRobinsonlaw.com
> 7500 San Felipe Street, Suite 800
> Houston, Texas 77063
> Phone: (713) 568-1723
> Fax: (713) 965-4288
> **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of February, 2021, the foregoing *DEFENDANTS' ORIGINAL ANSWER AND DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT* was electronically filed with the Clerk of the Court using the CM-ECF system and served on all attorney(s) and/or parties of record via the CM/ECF service.

> Terrence B. Robinson